Bradley T. **RYAN**, Plaintiff–Appellant,

v.

**WEXLER & WEXLER**, Defendant–Appellee.

No. 96–2620.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1997.

Decided May 7, 1997.

---

Matthew E. Gurvey, Theresa S. Unkrur (argued), J.K. Benjamin & Associates, Ltd., Chicago, IL, for Plaintiff–Appellant.

Daniel F. Konicek (argued), Connelly & Schroeder, Geneva, IL, for Defendant–Appellee.

Before COFFEY, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

Bradley Ryan wrote a personal check in June 1993 to Harrah's Casino. The check was returned for insufficient funds. Harrah's assigned the dishonored check to Wexler and Wexler ("Wexler") for collection. According to Ryan's complaint, he settled the collection account in full with Wexler in June 1994. Nevertheless, in April 1995 Wexler filed a "judgment"[1] against Ryan. Ryan alleges that this judgment appeared on both his TRW and Equifax credit reports. Ryan, through his attorney, twice wrote to Wexler disputing the accuracy of the judgment. According to Ryan, the erroneously filed judgment remains on his credit report and has led to several denials of credit as well as to Ryan's termination from his previous employment.

Ryan sued Wexler under the Fair Debt Collection Practices Act ("FDCPA" or "Act"), alleging that it had violated the Act by "communicating evidence of credit information to credit reporting agencies which is incorrect and for failing to communicate that the account is the subject of an ongoing dispute." Wexler challenged the court's jurisdiction over its collection practices, alleging that the FDCPA only covers collection activities related to an extension of credit and does not cover activities related to collecting on a dishonored check. Deciding the issue from the bench, the district court agreed with Wexler and held that "because a check is a present, and not deferred, payment of an obligation ... the Act does not control in this dispute, and the Court ... [lacks] subject matter jurisdiction."

The sole issue presented by this case is whether the FDCPA applies to debt collection activities on dishonored checks or is limited to those activities related to an extension of credit. Wexler presents several arguments why coverage extends only to the latter. It argues that "[t]he legislative history of the FDCPA clearly establishes that Congress did not intend it to apply to non-credit transactions." It further argues that because the FDCPA was passed as an amendment to the Consumer Credit Protection Act ("CCPA"), also known as the Truth in Lending Act, we should rely on the stated findings and purpose contained in that statute. As a variation on this argument, Wexler contends that because the FDCPA is contained within Chapter 41 of Title 15 of the United States Code, titled "Consumer Credit Protection," its provisions must be understood only to govern extensions of credit. Finally, Wexler argues that the Third Circuit in *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir.1987), has already determined that the Act applies only to transactions involving an extension of credit.

When this case was argued on February 11, 1997, the issue was one of first impression in this circuit and, arguably, in any circuit. But this is no longer so. In *Bass v. Stolper*,

---

1. We are unsure what exactly is meant by "judgment" in this context; it is the term used by Ryan in his complaint. In any event it is not important to the issue before this court nor therefore to the resolution of this case.

*et al.,* 111 F.3d 1322 (7th Cir.1997), another panel of this circuit addressed the same issue: whether the FDCPA governs collection activities on a dishonored check. In *Bass,* argued shortly before this case was briefed, the court rejected each of the arguments proffered here by Wexler. Relying on the statute, the court determined that "debt" as used in the Act encompassed dishonored checks and did not require an extension of credit.[2] Because this determination derived from the plain meaning of the statute, reference to its legislative history was unnecessary. Nevertheless, the court analyzed the legislative history to demonstrate that it supported the same conclusion. Given the plain meaning of the Act, the court dismissed as irrelevant its location in the federal code and the fact that it was passed as an amendment to the CCPA, noting that other amendments to the CCPA have resulted in provisions that govern transactions unrelated to the extension of credit. *See, e.g.,* The Electronic Funds Transfer Act, 15 U.S.C. § 1693–1693r. Finally, the court distinguished and departed from *Zimmerman,* which dealt not with dishonored checks but with theft of services.[3]

*Bass v. Stolper* establishes the law of this circuit, which is that the FDCPA governs debt collection activities related to dishonored checks. Accordingly, we reverse the district court and remand for proceedings consistent with *Bass* and this opinion.

**2.** The court in *Bass* determined that "the plain language of the Act in fact defines 'debt' quite broadly as 'any obligation to pay arising out of a [consumer] transaction.'" 111 F.3d at 1325. Focussing on "any obligation to pay," the court concluded that a "[a]s long as the transaction creates an obligation to pay, a debt is created." *Id.* at 1325. "We harbor no doubts that a check evidences the drawer's obligation to pay for the purchases made with the check, and should the check be dishonored, the payment obligation remains." *Id.*

**3.** The language in *Zimmerman* could probably be characterized as dicta. Nevertheless, because the decision in *Bass* arguably created a conflict with *Zimmerman,* the opinion was circulated among all judges of this court in regular active service pursuant to Seventh Circuit Rule 40(e). A majority did not favor rehearing *en banc.*