United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-1560

William E. Duffy,                              *
                                              *
            Plaintiff - Appellant,            *
                                              *
      v.                                       *
                                              *
Kevin W. Landberg, Attorney at Law;            *
New Concepts Business Services,                *
sued as New Concepts Business                  *
Services, Inc., a Minnesota Corporation,       *
                                              *
            Defendants - Appellees.            *   Appeals from the United States
                                              *   District Court for the
      --------------------                     *   District of Minnesota.
                                              *
Susan M. Quaderer,                             *
                                              *
            Plaintiff - Appellant,            *
                                              *
      v.                                       *
                                              *
Kevin W. Landberg, Attorney at Law;            *
New Concepts Business Services,                *
sued as New Concepts Business                  *
Services, Inc., a Minnesota Corporation,       *
                                              *
            Defendants - Appellees.            *
                                              *
      --------------------                     *
                                              *
Dennis G. Hacken,                              *
                                              *

                    Plaintiff - Appellant,          *
                                                    *
        v.                                          *
                                                    *
Kevin W. Landberg, Attorney at Law;                 *
New Concepts Business Services, Inc.,               *
a Minnesota Corporation,                            *
                                                    *
                    Defendants - Appellees.         *
                                                    *
                                                    *
      _____                        *
                                                    *
Federal Trade Commission,                           *
                                                    *
            Amicus on Behalf of                     *
            Appellant.                               *

                            _____

                    Submitted:  November 20, 1997
                        Filed:  January 20, 1998

                            _____

Before BOWMAN, MURPHY, Circuit Judges, and CONMY,[1] District Judge.

                            _____

MURPHY, Circuit Judge.

        William E. Duffy, Susan M. Quaderer, and Dennis G. Hacken sued Kevin W. Landberg and New Concepts Business Services, Inc. ("New Concepts") for abusive practices in seeking to collect payment for dishonored checks in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and the Minnesota Prevention of Consumer Fraud Act (Consumer Fraud Act), Minn. Stat. § 325F.68-69. The district court granted defendants' motion to dismiss pursuant to Fed. R. Civ. P.

_____

        [1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota, sitting by designation.

12(b)(6), holding that plaintiffs' complaints failed to state a claim under either statute. Plaintiffs appeal from that part of the judgment dismissing their claim under the FDCPA. We reverse and remand.

After Duffy and Quaderer wrote checks to Snyder Drug Stores for $25 and $24.40, respectively, and Hacken wrote a check to MGM Liquor for $11.38, all three checks were returned for insufficient funds. New Concepts then sent letters to the check issuers on behalf of the merchants seeking to collect the face amount of each check and a $20 service charge. Plaintiffs later received unsigned letters on the letterhead of "Kevin W. Landberg, Attorney at Law," which were mailed by New Concepts but not reviewed in advance by Landberg. These letters stated Landberg had been retained by the merchants concerning the dishonored checks and demanded payment of the amount of the check plus a service charge, collection fee, interest, and civil penalty. The letters indicated that each of the additional charges was assessed under "Minnesota state law" but offered to settle for a lower total still well in excess of the dishonored checks. They threatened "further legal action" in the event of nonpayment to recover all sums demanded, plus all court and service of process costs, attorney fees, and "such other remedy as the court may grant."

Plaintiffs each filed suit against Landberg and New Concepts for abusive debt collection practices in violation of the FDCPA. They alleged that defendants falsely represented the amount due, see 15 U.S.C. § 1692e(2)(A), unlawfully attempted to collect an inflated interest payment, civil penalty, and collection fee, see 15 U.S.C. § 1692f(1), falsely represented that the source of the second collection letter was an attorney when Landberg had not seen it, see 15 U.S.C. § 1692e(3), (9), and falsely threatened legal action, see 15 U.S.C. § 1692e(5). Plaintiffs also claimed that defendants engaged in deceptive practices in violation of the Minnesota Consumer Fraud Act. Since all three actions alleged similar conduct by Landberg and New Concepts and raised identical legal issues, they were consolidated for consideration of dispositive motions.

Landberg filed a motion to dismiss the complaints on behalf of the defendants who argued that their efforts to collect on dishonored checks were not governed by either the FDCPA or the Consumer Fraud Act. The district court noted that the FDCPA does not specify the type of transaction that may give rise to a consumer debt, and it went on to hold that the transaction must involve an offer or extension of credit to a consumer in order to be covered by the statute, citing Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1168 (3d Cir. 1987). Since the court determined that payment by check for consumer goods is not a credit transaction, it concluded that the obligation resulting from the subsequent dishonor of the check was not a debt within the meaning of the FDCPA. It dismissed the complaints because the challenged debt collection practices were not covered by the consumer protections in the FDCPA and the Consumer Fraud Act did not apply since no fraud in the sale of merchandise was alleged.

Dismissals under Rule 12(b)(6) are reviewed de novo. See First Commercial Trust Co. v. Colt's Mfg. Co., 77 F.3d 1081, 1083 (8th Cir. 1996). The allegations in the complaint must be treated as true and must be construed in a plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Mississippi, 380 U.S. 128, 143 (1965). Dismissal is proper only when the complaint on its face reveals "some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

The FDCPA permits consumers who have been subjected to unfair practices by third-party debt collectors to recover damages, attorney fees, and costs. See 15 U.S.C. § 1692k(a). The purpose of the statute is "to eliminate abusive debt collection practices" and "to insure that those debt collectors who refrain from using [such] practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). The statute defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Appellants argue that a dishonored check fits within the plain language of this definition, that the legislative history supports this conclusion, and that the district court erred in concluding that the statute does not cover third-party collection of a dishonored check.[2] Landberg and New Concepts assert that the district court and the Third Circuit in Zimmerman were correct in determining that the type of transaction meant in the definition of debt in the FDCPA is an offer or extension of credit and that the statute therefore does not apply to their collection activities.

The FDCPA is clearly worded and broadly defines debt as "any obligation" to pay arising out of a consumer transaction. It therefore can be applied to appellants' dishonored checks.[3] Their payment obligations arose from transactions for personal or household goods at a drug and a liquor store. Nothing in the statutory definition suggests that the only consumer transaction giving rise to a debt under the statute is one involving an offer or extension of credit. Rules of statutory construction mandate that the unambiguous term "transaction" be given its ordinary meaning and not that it

---

[2]Because we conclude that a debt need not arise from a credit transaction in order to be covered by the statute, it is not necessary to discuss appellants' argument that a merchant extends credit to a consumer by accepting a check.

[3]Appellees have recently submitted notice that there is a proposal pending in the Senate to amend the statutory definition by adding a provision that "debt . . . does not include a draft drawn on a bank for a sum certain, payable on demand and signed by the maker." S. 1405, 105th Cong. § 207 (1997). They have made no argument based on this proposal, however, and it has not been enacted into law.

be read restrictively to mean "credit transaction" as appellees suggest. See Bass v. Stolper, Koritzinsky, Brewster & Neider, 111 F.3d 1322, 1325-26 (7th Cir. 1997) (citing Perrin v. United States, 444 U.S. 37, 42 (1979)).

Two other courts of appeals have recently held that a dishonored check creates a payment obligation fitting within the plain meaning of the FDCPA definition of "debt." See Bass, 111 F.3d at 1325-26; Charles v. Lundgren & Associates, P.C., 119 F.3d 739, 742 (9th Cir.), cert. denied, 66 U.S.L.W. 3416 (U.S. Dec. 15, 1997) (No. 97-658); see also Ryan v. Wexler & Wexler, 113 F.3d 91, 93 (7th Cir.), cert. denied, 118 S.Ct. 298 (1997) (following Bass). The reasoning in these cases is persuasive. Since a check written by a consumer in a transaction for goods or services "evidences the drawer's obligation to pay" and this obligation remains even if the check is dishonored, abusive collection practices related to the dishonored check are prohibited by the FDCPA. Bass, 111 F.3d at 1324-26; Charles, 119 F.3d at 742.

Since the statutory language is clear, it is not necessary to consult the legislative history, but that history reflects Congress' intent not to limit the FDCPA's protections to debts arising from credit transactions. See Bass, 111 F.3d at 1326-27. The definition of "debt" in early versions of the statute included a requirement that credit be offered and extended, see H.R. 13720, 94th Cong. (1976), but Congress deleted this language from subsequent drafts, thus refusing to limit the statute's coverage in the manner sought by appellees. See Bass, 111 F.3d at 1327. The House Committee Report also sheds light on the drafters' intent: "[T]he committee intends that the term 'debt' include consumer obligations paid by check or other non-credit consumer obligations." H.R. Rep. No. 95-131, at 4 (1977).[4] Although appellees correctly note

---

[4]Although the Senate version of the bill was ultimately substituted for the House version, the definition of "debt" remained substantially the same from the time of the House Report until final passage. The House definition was: "any obligation of an individual to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes." H.R. Rep. No. 95-131, at 17.

that much of the consideration of the bill focused on credit-related debt, the statute does not limit its reach to such situations and the legislative history is to the contrary, as evidenced by the discussion of dishonored check debt during the Congressional hearings and debate. See Bass, 111 F.3d at 1327 (reviewing statements made during consideration of FDCPA).

Landberg and New Concepts argue that because the FDCPA was codified as an amendment to the Consumer Credit Protection Act (CCPA), 15 U.S.C. §§ 1601 et seq., it can only be construed as governing credit transactions. The Bass court rejected this extrinsic evidence of Congressional intent as unnecessary where the statute is unambiguous and found it unpersuasive in any event in light of "the contrary intent evidenced in the Act's legislative history." 111 F.3d at 1328. The court noted that other amendments to the CCPA have addressed consumer financial protections beyond those related to credit-based transactions and that it is unnecessary to look to the CCPA as an interpretive guide where the FDCPA has its own purpose and definitions.[5] See id.

In further support of their position, Landberg and New Concepts argue that the liability arising from a dishonored check is based on state tort and criminal law and therefore does not arise from a transaction within the meaning of the FDCPA. Dishonored checks are only criminal or tortious when the drawer knows or intends the check to be dishonored at the time it is written. See id. at 1329 (distinguishing checks dishonored due to bank error or miscalculation by the drawer). Moreover, courts generally will not create a fraud exception where none exists in the text of the statute.

---

[5]In following the reasoning in Bass, the Ninth Circuit distinguished its own precedent using the CCPA as a guide to interpret the FDCPA and noted its earlier case did not require that FDCPA definitions be restricted or that a term be used consistently throughout the CCPA. Charles, 119 F.3d at 742 (distinguishing Bloom v. I.C. Sys., Inc., 972 F.2d 1067 (9th Cir. 1992)).

See id. at 1329-30. "[T]he wrong occasioned by debtor fraud is more appropriately redressed under the statutory and common law remedies already in place, not by a judicially-created exception that selectively gives a green light to the very abuses proscribed by the Act." Id. at 1330.

The district court did not have the benefit of the Bass and Charles decisions, and it turned for guidance to the Third Circuit opinion in Zimmerman, 834 F.2d 1163. The issue in Zimmerman was whether cable television companies were seeking to collect a debt within the meaning of the FDCPA when they demanded compensation. The Third Circuit found that this type of liability was not a consumer debt under the statute because it did not arise from a transaction involving "the offer or extension of credit" in which a consumer acquired goods or services and deferred payment. Id. at 1168-69. This reading is contrary to the plain language of the statute as well as the legislative history, but it was not necessary for the outcome because an obligation arising from theft cannot be a debt under the statute since it does not arise from a consensual transaction for goods or services. See Bass, 111 F.3d at 1326. Zimmerman therefore does not control in this case.

For these reasons third-party attempts to collect payment on a dishonored check can be debt collection practices within the meaning of the FDCPA and be subject to its consumer protections. Accordingly, the judgment dismissing plaintiffs' complaints under the FDCPA is reversed, and the case is remanded for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.